Case 5:16-cv-01434-JGB-SP   Document 1   Filed 06/30/16   Page 1 of 7   Page ID #:1

Teresa C. Chow, Bar No. 237694
*tchow@bakerlaw.com*
Matthew D. Pearson, Bar No. 294302
*mpearson@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859

Attorneys for Defendants 21st Century Oncology of California and 21st Century Oncology Holdings, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELQUIADES BONILLA, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>21ST CENTURY ONCOLOGY OF CALIFORNIA, A MEDICAL CORPORATION; 21ST CENTURY ONCOLOGY HOLDINGS, INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF DEFENDANTS 21ST CENTURY ONCOLOGY OF CALIFORNIA AND 21ST CENTURY ONCOLOGY HOLDINGS, INC. UNDER CLASS ACTION FAIRNESS ACT OF 2005** |

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendants 21ST CENTURY ONCOLOGY OF CALIFORNIA and 21ST CENTURY ONCOLOGY HOLDINGS, INC. (collectively, "Defendants") remove this case from the Superior Court of the State of California, County of Riverside, where it was originally filed, to the United States District Court for the Central District of California. The United States District Court for the Central District of California is the district and division embracing the place where this action was originally filed, thus satisfying the requirement of 28. U.S.C. § 1441(a). As grounds for this removal, Defendants state as follows:

## I.  BACKGROUND

On May 31, 2016, Plaintiff filed his Complaint in this putative class action against Defendants in the Superior Court of the State of California, County of Riverside, Case Number RIC1606640. A true and correct copy of the entire state court file, including all pleadings, process, and orders served on or received by the Defendants, is attached to this Notice of Removal as Exhibit A.

Plaintiff alleges that Defendants "fail[ed] to use reasonable care to preserve the confidentiality of Plaintiffs' and Class Members' medical information, and, in fact, negligently maintain[ed], preserv[ed], stor[ed], abandon[ed], and dispose[ed] of Plaintiffs' and Class members' medical information. Complaint ("Compl.") ¶ 85.

Plaintiff seeks to certify a class defined as:

> All patients of 21st Century Oncology and its network of treatment centers and physicians, who are residents of the State of California, and whose confidential personally identifiable medical information was accessed or acquired by an unauthorized third party in the data breach described in 21st Century Oncology's March 2016 data breach notification.

*Id.* ¶ 69.

Plaintiff, individually and on behalf of the class, purports to state claims for violation of the Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56, *et seq.* (Cause of Action).

## II. **GROUNDS FOR REMOVAL**

### A. **Removal is Timely**.

Defendants were served with the Complaint on June 1, 2016. Because Defendants filed this Notice of Removal within thirty days of receipt of the Complaint through service or otherwise, the Notice of Removal is timely under 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (time period for removal begins when the defendant is served).

### B. **This Court Has Original Jurisdiction Under CAFA**.

This Court has jurisdiction of this civil action pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, codified in part as 28 U.S.C. § 1332(d). Under CAFA, any putative class action commenced on or after February 18, 2005, may be removed when:

    a. The suit involves a class action filed under Federal Rule 23 or a similar state statute;

    b. Any "class member" is a citizen of a state different from any defendant;

    c. The class members' claims, in aggregate, exceed the sum or value of $5,000,000[1] exclusive of interest and costs; and

    d. The number of members of the proposed class exceeds 100.

28 U.S.C. § 1332(d)(1)(B), (d)(2), (d)(2)(A), (d)(2)(C), & (d)(5)(B).

---

[1] The amounts set forth in this Notice of Removal are solely for purposes of establishing that the amount in controversy exceeds the $5,000,000 threshold and are not intended and cannot be construed as an admission that Plaintiff can state a claim or is entitled to damages in any amount. Defendants deny liability, deny Plaintiff is entitled to recover any amount, and deny that a class can be properly certified in this matter.

C. **This Case Involves a "Class Action" as Defined by CAFA.**

CAFA defines a "class action" as:

> (B) the term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]

28 U.S.C. § 1332 (d)(1)(B).

Plaintiff seeks class certification under California law pursuant to Cal. Civ. Pro. §382. Compl. ¶ 68. Section 382 is similar to Federal Rule of Civil Procedure 23. *See Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1121 (9th Cir.). Thus, the first CAFA requirement is satisfied.

D. **Minimal Diversity Exists.**

CAFA does not require complete diversity, but rather minimal diversity, which may be established when "[a]ny member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

Plaintiff seeks to represent a class of individuals who are residents of the State of California. Compl. ¶ 69. Defendants include a Delaware corporation with its principal place of business in Florida (21st Century Oncology Holdings, Inc.) and a California corporation with its principal place of business in Florida (21st Century Oncology of California). Compl. ¶¶ 17-18. Thus, minimal diversity exists because at least one plaintiff and at least one defendant are citizens of different states. *See* 28 U.S.C. § 1332(d)(2)(A); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006) ("One way to satisfy minimal diversity is by demonstrating that any member of a class of plaintiffs is ... a citizen or subject of a foreign state and any defendant is a citizen of a State.") (Internal citations omitted).

### E. The Amount in Controversy Exceeds the CAFA Threshold.

CAFA requires that a Complaint put in controversy more than $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). Importantly, CAFA requires claim aggregation when determining the amount put at issue by a complaint:

> In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

28 U.S.C. § 1332(d)(6).

Where a complaint does not specify the amount of damages sought, as is the case with Plaintiff's Complaint, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount-in-controversy is satisfied. 28 U.S.C. § 1446(c)(2)(B). The Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to meet this threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

Plaintiff's putative class action complaint easily puts more than the requisite $5,000,000 at issue in this case. Plaintiff seeks to represent a class of individuals the exact number of which is "unknown to Plaintiff at this time," but Plaintiff concedes that the size of the putative class "can be ascertained through . . . records maintained by Defendant." Compl. ¶ 72. In fact, according to Defendants' records, 21st Century Oncology's March 2016 notification was sent to 57,198 California addresses. Plaintiff seeks $1,000 in statutory damages for himself and the putative class for alleged violations of the California Confidentiality of Medical Information Act. Compl, Prayer for Relief at ¶ 2. This equals $57,198,000—well over the $5 million jurisdictional minimum under CAFA.

In addition, Plaintiff seeks attorneys' fees under Cal. Civ. Code §56.35. *Id.*, at ¶ 8. Accordingly, more than the $5,000,000 amount in controversy required under CAFA, 28 U.S.C. § 1332(d)(2), is at issue here.

### F. The Putative Class Includes at Least 100 Members.

CAFA's expanded jurisdiction applies to class actions comprised of one hundred (100) or more class members. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that the size of the putative class alleged "can be ascertained through . . . records maintained by Defendant." Compl. ¶ 72. Such records indicate that 21st Century Oncology's March 2016 notification was sent to 57,198 California addresses. Thus, CAFA applies here. *See* 28 U.S.C. § 1332(d)(5)(B).

### G. No Prior Application.

No prior application has been made for the relief requested herein. Defendants respectfully request an opportunity to brief and argue before the Court any issue or question concerning the removal of this case in the event Plaintiff seeks remand or the Court otherwise visits the issue.[2]

### III. CONCLUSION

For all of the foregoing reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) and this case should be removed pursuant to 28 U.S.C. §§ 1441 & 1453.

---

[2] Nothing in this Notice of Removal shall be interpreted as substantially invoking the litigation process or as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) insufficiency of process; (3) insufficiency of service of process; (4) improper joinder of claims and/or parties; (5) failure to state a claim; (6) the mandatory arbitrability of some or all of the claims; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Fed. R. Civ. P. 8 and 12, any state or federal statute, or otherwise.

| | | |
|---|---|---|
| Dated: June 30, 2016 | | Respectfully submitted, |
| | | BAKER & HOSTETLER LLP |
| | By: | /s/Teresa C. Chow |
| | | Teresa C. Chow |
| | | Matthew D. Pearson |
| | | Attorneys for Defendants |
| | | 21ST CENTURY ONCOLOGY OF CALIFORNIA and 21ST CENTURY ONCOLOGY HOLDINGS, INC. |

7

NOTICE OF REMOVAL UNDER CLASS ACTION FAIRNESS ACT OF 2005